SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 03-805 13 CIV-MIDDLEBROOKS/JOHNSON

ROBERT LEE REED
    Plaintiff,
vs.
TARMAC AMERICA, LLC,
and MIKE DURAM, and
DAN WHITMAN,
    Defendants.
_____/



## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, ROBERT LEE REED, (hereinafter referred to as "PLAINTIFF"), by and through his undersigned counsel, and files this Complaint against DEFENDANTS TARMAC AMERICA LLC, ROBERT DURHAM and DAN WHITMAN (hereinafter referred to as "DEFENDANTS"), and as grounds therefor would state as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages which amount exceeds Fifteen Thousand Dollars ($15,000.00) exclusive of interest, attorney's fees and costs.

2. PLAINTIFF, Robert Reed (hereinafter "REED"), is an individual residing in Palm Beach County, Florida, and is at all times relevant and material hereto *sui juris*.

3. At all times material and relevant, DEFENDANT, TARMAC AMERICA, LLC. is a corporation existing under the laws of the State of Florida.

4. At all times material and relevant, DEFENDANTS, MIKE DURAM and DAN WHITMAN are individuals and at all times relevant and material hereto *sui juris*.

5. All of the acts complained of in this proceeding occurred in Palm Beach County.



PLAINTIFF'S EXHIBIT



6. PLAINTIFF was wrongfully terminated and his rights were violated pursuant to the anti-retaliation provisions found in the Family Medical Leave Act.

## II. JURISDICTION

7. This is an action for equitable and monetary relief brought by PLAINTIFF to readdress the violations of PLAINTIFF'S rights pursuant to the anti-retaliation provisions found in the Family Medical Leave Act (hereinafter "FMLA"), pursuant to 29 U.S.C. Section 2612 (a)(1) and Section 2615 (a)(1) and (2).

8. The Court has jurisdiction over actions pursuant to 29 U.S.C. Section 2612 et seq.

9. This Court has jurisdiction with respect to declaration that PLAINTIFF's rights have been violated pursuant to the above-referenced federal statute and toward such other relief as provided by the statute.

## III. VENUE

10. Venue is properly within this district because of the acts and omissions giving rise to all the claims occurring in this jurisdiction.

## IV. PARTY

11. PLAINTIFF is a citizen of the United States and resides in Lantana, Florida and at all times material and relevant he is an eligible employee under the FMLA, as defined in 29 U.S.C. § 2611(2).

12. PLAINTIFF was employed by Tarmac America, LCC., for a period of 12 years beginning January 29, 1990 through January 7, 2003.

13. AT all times relevant and material, the Defendant Tarmac America, LCC., is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4).

2

14.  DEFENDANTS MIKE DURAM and DAN WHITMAN are the supervisors of PLAINTIFF and the agents of the DEFENDANT Tarmac, and persons who acts, directly or indirectly, in the interest of the Defendant employer Tarmac with respect to the Plaintiff as an employee of Tarmac, and who in fact violated PLAINTIFF'S under FMLA and caused PLAINTIFF damages.

## V. PRELIMINARY STATEMENT

15.  On or about November 13, 2002, PLAINTIFF requested from his employer time off under the Family Medical Leave Act ("FMLA") in order to tend to the medical needs of his wife.

16.  At all times material and relevant the Plaintiff was entitled to the requested leave to care for a spouse who had a serious health condition based upon an illness which required continuing treatment by a health care provider. The PLAINTIFF'S request for leave under FMLA was in fact granted.

17.  On January 7, 2003, PLAINTIFF was terminated from his employment for alleged absenteeism.

18.  At the time of PLAINTIFF'S termination, he was not in violation of any company policies or regulations relating to attendance or absenteeism.

19.  PLAINTIFF availed himself of those rights protected under the FMLA and as a direct result thereof, he suffered an adverse employment decision of having his employment terminated.

20.  There is a causal connection between PLAINTIFF's protected activity of requesting time off pursuant to the terms of FMLA and the adverse employment decision of his termination.

21. The PLAINTIFF'S protected conduct under FMLA and his termination occurred in close proximity and at a time when PLAINTIFF was not in violation of any Company policies relating to absenteeism.

22. DEFENDANTS MIKE DURAM and DAN WHITMAN conspired to interfere with PLAINTIFF'S exercise of his rights under FMLA and discriminated against PLAINTIFF by taking actions to terminate PLAINTIFF in retaliation after PLAINTIFF had taken the requested FMLA leave.

## COUNT I - DECLARATORY RELIEF

23. PLAINTIFF reallege and revears the allegations in paragraphs 1-21 as set forth herein above.

24. Based upon the actions of DEFENDANTS, PLAINTIFF is in doubt as to his rights and entitlement to reinstatement, back pay and other relief afforded under FMLA.

WHEREFORE, PLAINTIFF requests the Court adjure the jurisdiction of this matter, and declares the rights of the respective parties and provide other such further relief as the Court deems appropriate.

## COUNT II - COMPLAINT FOR RELIEF UNDER FMLA

25. PLAINTIFF reallege and revears paragraphs 1-21 through as set forth hereinabove.

26. As a direct result of DEFENDANTS' actions, PLAINTIFF has been damaged.

WHEREFORE, PLAINTIFF demands judgment for temporary and permanent injunction to restrain DEFENDANTS from further violating PLAINTIFF'S rights as provided for in FMLA, and PLAINTIFF demands trial by jury of all issues so triable as of right; the award of appropriate equitable and legal relief including "make whole" relief, compensatory, and punitive

damages; prejudgment interest, and the award of taxable cost incurred by PLAINTIFF including the award of reasonable attorney's fees and such further relief as this Court deems just and proper.

## COUNT III - INJUNCTIVE RELIEF

27. PLAINTIFF reallege and revears the allegations of paragraph 1-21 as set forth hereinabove.

28. The acts of DEFENDANTS as alleged herein above will continue in the future unless restrained. PLAINTIFF has no adequate remedy at law for damages. DEFENDANTS' actions are causing irreparable harm to PLAINTIFF based upon DEFENDANTS' willful violation of the public policy and provisions of FMLA.

WHEREFORE, PLAINTIFF demands judgment for temporary and permanent injunction to restrain DEFENDANTS from further violating PLAINTIFF'S rights as provided for in FMLA, and PLAINTIFF demands trial by jury of all issues so triable as of right; the award of appropriate equitable and legal relief including "make whole" relief, compensatory, and punitive damages; prejudgment interest, and the award of taxable cost incurred by PLAINTIFF including the award of reasonable attorney's fees and such further relief as this Court deems just and proper.

## COUNT IV- 1985 CONSPIRACY CLAIM AGAINST DURHAM & WHITMAN

29. PLAINTIFF reallege and revears the allegations of paragraph 1-21 and as set forth herein above.

30. DEFENDANTS DURHAM AND WHITMAN conspired and took actions in concert together for the purpose of causing the Plaintiff to be terminated from his employment for alleged

tardiness and excessive absenteeism when they both knew or should have known that PLAINTIFF was not in violation of any company policies relating to tardiness or absenteeism

31. In furtherance of the conspiracy, DEFENDANTS DURHAM AND WHITMAN acted in concert to bring about the termination of PLAINTIFF'S employment for alleged tardiness and excessive absenteeism when they both knew or should have known that PLAINTIFF was not in violation of any company policies relating to tardiness or absenteeism and thereby depriving, either directly or indirectly, PLAINTIFF of the equal protection of the law, and equal privileges provided PLAINTIFF under FMLA, for which 42 U.S.C. § 1985 provides a remedy.

32. As a result of the concerted actions of the DEFENDANTS DURHAM AND WHITMAN, PLAINTIFF has been damaged.

33. The actions taken by DEFENDANTS to deprive PLAINTIFF of the rights and privileges provided by FMLA were motivated because of his race. No white employee of the Defendant Tarmac has been terminated from employment for tardiness and excessive absenteeism where the White employee was not in violation of any company policies relating to tardiness or absenteeism.

34. No white employee of the Defendant Tarmac has been terminated or otherwise suffered an adverse employment action for having availed themselves of those rights protected under the FMLA.

35. White employees of the DEFENDANT are not terminated for absenteeism or tardiness unless they have been found to have violated company policies relating to the same.

6

36. Employees of the DEFENDANT who are younger than age forty are not terminated for absenteeism or tardiness unless they have been found to have violated company policies relating to the same.

WHEREFORE, PLAINTIFF demands judgment for temporary and permanent injunction to restrain DEFENDANTS from further violating PLAINTIFF'S rights as provided for in FMLA, and PLAINTIFF demands trial by jury of all issues so triable as of right; the award of appropriate equitable and legal relief including "make whole" relief, compensatory, and punitive damages; prejudgment interest, and the award of taxable cost incurred by PLAINTIFF including the award of reasonable attorney's fees and such further relief as this Court deems just and proper.

## COUNT V- CONSPIRACY CLAIM AGAINST DURHAM & WHITMAN

37. PLAINTIFF reallege and revears the allegations of paragraph 1 through 21 and 28 through 33 as set forth herein above.

38. DEFENDANTS DURHAM AND WHITMAN unlawfully conspired had PLAINTIFF terminated from his employment and took actions to have him terminated for violations of the absenteeism and tardiness policies of PLAINTIFFS employer knowing that PLAINTIFF was not in violation of company policy. Defendants actions were a direct result of PLAINTIFF request and taking a leave of absence under the provisions of FMLA.

WHEREFORE, PLAINTIFF demands trial by jury of all issues so triable as of right; the award of appropriate equitable and legal relief including "make whole" relief, compensatory, and punitive damages; prejudgment interest, and the award of taxable cost incurred by PLAINTIFF including the award of reasonable attorney's fees and such further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

                                  **POWERS, McNALIS & TORRES**
                                  P.O. 21289
                                  West Palm Beach, Florida 33416
                                  Telephone: (561) 588-3000
                                  Facsimile: (561) 588-3705
                                  Attorney for the Plaintiff

                                  By: _____
                                       ANDREW DEGRAFFENREIDT, III, ESQ.
                                       Florida Bar No.: 218121

7750.208488

8