UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-80513-CIV-MIDDLEBROOKS/JOHNSON

ROBERT LEE REED,

    Plaintiff,

v.

TARMAC AMERICA, LLC, and
MIKE DURHAM, and DAN WHITMAN,

    Defendants.
_____/



## ORDER ON MOTION FOR JUDGMENT AS A MATTER OF LAW

THIS CAUSE comes before the Court upon Defendants' Motion for Judgment as a Matter of Law under Rule 50 of the Federal Rules of Civil Procedure. In reviewing a Rule 50 motion for judgment as a matter of law, this Court must determine "whether such sufficient conflicts exists in the evidence to necessitate submitting the matter to the jury or whether the evidence is so weighted in favor of one side that that party is entitled to succeed in his or her position as a matter of law." *Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000) (citing *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1244 (11th Cir.1999) (*en banc*)).

In this case, Mr. Reed brings one claim of common law conspiracy against Mr. Whitman and Mr. Durham. On this claim, and this claim only, the Court finds that Defendants' prevail on their Motion for Judgment as a Matter of Law. Because the Plaintiff cannot bring a claim for common law conspiracy where the underlying civil wrong is a violation of the Family Medical Leave Act ("FMLA"), there can be no conflict of evidence sufficient to necessitate submitting the matter to the jury.

In Florida, a common law claim for civil conspiracy requires (1) an agreement between two or more parties; (2) to do an unlawful act or to do a lawful act by unlawful means; (3) the



doing of some overt act in pursuance of the conspiracy; and (4) damage to the plaintiff as a result of the acts done under the conspiracy. *Lipsig v. Ramlawi*, 760 So.2d 170, 180-81 (Fla 3d DCA 2000). "The gist of a civil action or conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy an which results in damage to the plaintiff.." *Blatt v. Green, Rose, Kahn & Piotrkoski*, 456 So.2d 949, 950-51 (Fla. 3d DCA 1984). In the present case, the underlying wrong is a violation of the FMLA. Violations of the FMLA are governed by a complex statutory federal scheme. *See* 29 U.S.C. § 2601 et seq. Allowing a state-law conspiracy claim based on a FMLA claim "would permit plaintiffs to make an 'end run' around this federal statutory structure...Such evasion would surely frustrate congressional intent." *Nance v. Maxwell Fed. Credit Union*, 186 F.3d 1338, 1342 (11th Cir. 1999)(holding that a state-law conspiracy statue cannot be used where the underlying wrong is a violation of the ADEA). Federal Courts have held that enforcement of rights secured through complex statutory schemes must be pursued in the manner specified in those schemes not through alternative mechanisms. *Id. See also Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366 (1979)(holding that a federal conspiracy statue may not be used to remedy a violation of Title VII). Consequently, the Court will not submit Mr. Reed's claim for common law conspiracy to the jury.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion for Judgment as a Matter of Law under Rule 50 of the Federal Rules of Civil Procedure is GRANTED IN PART.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 17 day of March, 2004.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to Counsel of Record